# In the United States Court of Federal Claims

No. 10-853C
(Filed October 31, 2012)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * | |
| ADAM M. BOYLE, | Military pay; motion for judgment on the administrative record; review of military correction board action; disability pay; remand pursuant to RCFC 52.1; Army Reg. 635-200 ¶ 14-17.g.(1) (June 6, 2005); post-traumatic stress disorder; presumption of regularity. |
| Plaintiff, | |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |
| * * * * * * * * * * * * * * * * * * * * | |

Jason E. Perry, Cheshire, CT, for plaintiff.

Russell J. Upton, Washington, DC, with whom was Assistant Attorney General Stuart F. Delery, for defendant. Major Wayne H. Williams, U.S. Army Litigation Division, Arlington, VA, of counsel.

## MEMORANDUM OPINION AND ORDER

**MILLER**, Judge.

This review of a rejection of a former servicemember's request to the Army Board for Correction of Military Records (the "ABCMR" or the "correction board") to set aside his discharge, to reinstate him for continued disability processing, and to award him back pay is before the court after a second remand to the ABCMR. The key issue presented is whether the ABCMR properly has determined that plaintiff's post-traumatic stress disorder ("PTSD") was not the direct or substantial contributing cause of the actions that led to plaintiff's discharge from the United States Army (the "Army"). Further argument is deemed unnecessary.

**FACTS**

I. <u>Background and facts</u>

In a previous memorandum opinion, the court set forth the facts underlying this action. See <u>Boyle v. United States</u>, 101 Fed. Cl. 592, 594-95 (2011). For purposes of this opinion, it suffices to recount the following.

Plaintiff served in the Army from January 2000 to January 2009, when he was discharged pursuant to an administrative separation. <u>Id.</u> at 594-95. Plaintiff was diagnosed with PTSD in May 2007 after returning from his second deployment in Iraq. <u>Id.</u> at 594. Plaintiff began having disciplinary problems, including failing to report to his assigned place of duty and being absent without leave from his unit, and engaging in violent altercations starting in September 2007 and continuing through early April 2008. <u>Id.</u>

Plaintiff was referred to a Medical Evaluation Board (the "MEB") in June 2008 after a medical evaluation revealed that plaintiff no longer met retention standards. <u>Id.</u> at 594-95. In July 2008 plaintiff's commanding officer initiated separation proceedings against plaintiff based on various acts of misconduct. <u>Id.</u> at 595. After plaintiff exercised his rights to counsel and an administrative hearing, a separation board convened on October 29, 2008. <u>Id.</u> The MEB convened the same day, concluding that plaintiff did not meet retention criteria and referring him to the Physical Evaluation Board (the "PEB") for further evaluation. <u>Id.</u>

Because plaintiff was facing both medical-based and administrative separation, Army regulations required the General Court-Martial Convening Authority (the "GCMCA" or the "separation authority") to elect the channel through which plaintiff's discharge would be processed. <u>Id.</u> On December 11, 2008, the GCMCA approved plaintiff's administrative separation without issuing written findings. <u>Id.</u> The GCMCA's decision did not state whether or not plaintiff's PTSD caused the acts of misconduct that resulted in his separation. <u>Id.</u> Plaintiff was discharged on January 6, 2009. <u>Id.</u>

In May 2009 plaintiff sought review by the ABCMR of his discharge, arguing that he should be reinstated and evaluated for physical disability. <u>Id.</u> The ABCMR denied the application on March 4, 2010, finding that there was no evidence that plaintiff's PTSD caused him not to know the difference between right and wrong and concluding that plaintiff was properly discharged. <u>Id.</u>

II. Procedural history

Plaintiff filed the complaint in this case on December 10, 2010, alleging that the decision to discharge him—and thus deny him pay to which he would otherwise be entitled pursuant to 37 U.S.C. § 204 (2006)—was arbitrary, capricious, and contrary to law in that it violated Army regulations and plaintiff's constitutional due process rights. Id.

On November 7, 2011 the court ruled on the parties' cross-motions for judgment on the administrative record. See id. at 592. The court ruled in favor of defendant on six of the seven grounds for error asserted by plaintiff. See id. at 596-603. With respect to the seventh ground—that the GCMCA was required to process plaintiff's separation through medical, rather than administrative, channels—the court found that neither the GCMCA nor the ABCMR had made a proper determination whether plaintiff's PTSD was the direct or substantial contributing cause of plaintiff's misconduct leading to plaintiff's separation pursuant to Army Regulation 635-200 ¶ 14-17.g.(1) (June 6, 2005), which requires separation via medical channels if such a direct or substantial contributing cause is found. See 101 Fed. Cl. at 603. Consequently, the court remanded the matter to the ABCMR for a determination on whether plaintiff's PTSD was a direct or substantial contributing cause of his misconduct. See id. at 604.

On February 3, 2012 the ABCMR filed its decision on remand, dated January 17, 2012, and the parties filed a joint status report on February 8, 2012. On February 9, 2012 the court entered a scheduling order requiring defendant to supplement the administrative record with the ABCMR's decision and setting a briefing schedule for cross-motions for judgment on the supplemented administrative record. Defendant supplemented the administrative record on February 16, 2012. After an intervening order entered on June 19, 2012 requiring supplemental briefing addressing Sawyer v. United States, 930 F.2d 1577 (Fed. Cir. 1991), rev'g 18 Cl. Ct. 860 (1989), the parties completed briefing on June 26, 2012.

The court entered an order on July 6, 2012 remanding the matter a second time to the ABCMR. Looking to Sawyer's guidance that "in disability cases either the review boards or the corrections board is competent to make a disability determination in the first instance[,]" the court noted that neither the ABCMR nor the GCMCA had determined in the first instance, or "two instances," prior to plaintiff's filing his complaint that plaintiff's PTSD was not the direct or substantial contributing cause of the actions that led to plaintiff's discharge. Boyle v. United States, No. 10-853C, at 2 (Fed. Cl. July 6, 2012) ("Second Remand Order") (quoting Sawyer, 930 F.2d at 1581). The court then found that the ABCMR had failed on remand to make a de novo determination as to whether plaintiff's PTSD was a direct or substantial contributing cause of plaintiff's misconduct. Id. at 4. The court therefore remanded the matter to the ABCMR for such a determination. Id.

3

On August 29, 2012 the ABCMR filed its decision on second remand, dated August 13, 2012, and the parties filed a joint status report on September 11, 2012, in which plaintiff requested further briefing and defendant took the position that further briefing was unnecessary. On September 21, 2012 the court entered an order requiring defendant to supplement the administrative record with the ABCMR's decision on second remand and memorializing that the parties' motions were fully briefed and required no further supplementation. Defendant supplemented the administrative record on September 25, 2012.

**DISCUSSION**

I. Jurisdiction

Plaintiff's complaint and the subsequent cross-motions for judgment on the administrative record are grounded in 37 U.S.C. § 204 (the "Military Pay Act"). It is well established that the Military Pay Act is a money-mandating statute and that claims for back pay based on the Military Pay Act are within the jurisdiction of the Court of Federal Claims. Metz v. United States, 466 F.3d 991, 998 (Fed. Cir. 2006).

II. Standard of review

    1. Judgment on the administrative record

The parties filed cross-motions for judgment on the administrative record pursuant to RCFC 52.1, which provides a procedure for parties to seek an expedited trial on a "paper record, allowing fact-finding by the trial court." Bannum v. United States, 404 F.3d 1346, 1356 (Fed. Cir. 2005). The parties are limited to the agency record and individual statements of fact submitted under RCFC 52.1. The court must make its findings of fact from this record as if it were conducting a trial. Id. at 1357.

    2. Decisions of boards for correction of military records

Plaintiff challenges the decision rendered by a correction board. The court reviews such decisions under a deferential standard so as not to "disturb the decision of the [correction board] unless it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence." Barnick v. United States, 591 F.3d 1372, 1377 (Fed. Cir. 2010) (citing Chambers v. United States, 417 F.3d 1218, 1227 (Fed. Cir. 2005)). "This [standard of review] necessarily limits the Court of Federal Claims' review to the administrative record," except in extremely limited circumstances when the court may consider "'extra-record' evidence." Metz, 466 F.3d at 998. Plaintiff's burden is to show by "cogent and clearly convincing evidence" that the decision of the correction board fails this standard. Wronke v. Marsh, 787 F.2d 1569, 1576 (Fed. Cir. 1986) (citation omitted) (internal quotation marks

omitted). Plaintiff also must overcome the presumption of regularity that attaches to the actions of a correction board. See Richey v. United States, 322 F.3d 1317, 1326 (Fed. Cir. 2003) (noting "the presumption of regularity that attaches to all administrative decisions" in the context of military board action).

III. Whether the Army was required to process plaintiff through medical channels

Plaintiff contends that the decision of the correction board not to set aside plaintiff's administrative discharge and reinstate him for disability processing was "arbitrary, capricious, contrary to law, or unsupported by substantial evidence." See Barnick, 591 F.3d at 1377. More specifically, plaintiff puts forward that, when a soldier is simultaneously processed for administrative separation and subject to a medical evaluation, Army Reg. 635-200 ¶ 14-17 provides that the GCMCA will decide whether he will be administratively or medically discharged. This determination is at the discretion of the GCMCA unless Army Reg. 635-200 ¶ 14-17.g.(1) applies. The latter regulation states that separation via medical channels "is required if the [s]oldier has an incapacitating physical or mental illness that was the direct or substantial contributing cause of the conduct, and action under the [Uniform Code of Military Justice] is not initiated." Id. ¶ 14-17.g.(1). As discussed above, the court remanded this matter on a second occasion to the ABCMR for a determination whether plaintiff's PTSD was the direct or substantial contributing cause of the conduct that led to plaintiff's separation.

On second remand the ABCMR noted that the acts of misconduct found to be the reasons for plaintiff's separation in October 2008 included "being AWOL [absent without leave][,] acting disorderly and resisting arrest[,] assaulting a female[,] failing to go at the time prescribed to his place of duty[,] assaulting a second female[, and] violating his profile by consuming alcohol." ABCMR Rec. of Prdgs. dated Aug. 13, 2012, at 3. 1/ With respect to the first of what the ABCMR referred to as plaintiff's "accountability offenses," the ABCMR found that plaintiff's administrative separation board testimony "reflects that he knew when and where he was supposed to be, thought that if he asked to be excused from duty his request would be denied, and, with knowledge that he would be punished in some way upon his return, chose to leave rather than report." Id. at 6. The ABCMR noted that plaintiff did not offer any explanation that suggested his PTSD symptomology caused his actions, and found that "[h]e weighed the consequences of his choice and elected to remain away." Id.

---

1/ Defendant did not separately number the pages of the document submitted as the second supplement to the administrative record, and the court accordingly refers to the ABCMR Record of Proceedings dated August 13, 2012, as that document is paginated.

5

The first incident in which plaintiff assaulted a female involved plaintiff's then-girlfriend. Id. The ABCMR noted that plaintiff did not deny assaulting her, and his testimony offered only the explanation that their relationship was "complicated," including plaintiff's suspicions of infidelity and a false allegation that the woman had been impregnated by plaintiff. Id.

The second incident of assault occurred at a New Year's Eve party in plaintiff's home, at which plaintiff had been drinking. Id. Plaintiff fought with a male guest and grabbed a female guest. Id. The ABCMR found that plaintiff offered no testimony implicating PTSD as having caused or contributed to plaintiff's behavior. Id.

The ABCMR referred to an April 3, 2008 incident in which plaintiff was arrested for disorderly conduct and resisting arrest as "[p]erhaps the most significant act of misconduct in [plaintiff's] pattern of misconduct[.]" Id. Plaintiff had been drinking at a bar and accepted drinks purchased by another patron. Id. Plaintiff did not remember anything beyond that point and was arrested by an officer "who required assistance from other officers both at the bar and en route to the police station[.]" Id. at 6-7. Pointing to the arresting officer's observation of plaintiff's "highly-intoxicated state," the ABCMR found that nothing in his testimony suggested PTSD symptomology as a factor in plaintiff's actions. Id. at 7.

Following the April 3, 2008 incident, plaintiff failed to return from leave when directed by his commander. Id. at 6. The ABCMR noted that plaintiff's testimony did not address this misconduct, but the record indicated that plaintiff accepted non-judicial punishment pursuant to Article 15 of the Uniform Code of Military Justice and did not appeal the findings or punishment. Id. The ABCMR further noted that plaintiff "did not attribute his absence to PTSD symptomology." Id.

Plaintiff was prescribed antidepressants and sleep medications to treat his PTSD and depression. Id. at 7. The ABCMR found that, despite plaintiff's PTSD diagnosis, no evidence suggested that plaintiff engaged in significant misconduct when present for duty, citing the testimony of plaintiff's supervisor that plaintiff was helpful at work. Id. The ABCMR further cited testimony of plaintiff's first sergeant that plaintiff's conduct improved after the April 3, 2008 incident. Id.

The ABCMR remarked that plaintiff "repeatedly" was advised to avoid alcohol due to negative interactions with his medication and its effects on his judgment and conduct. Id. The ABCMR found no evidence of record that plaintiff drank as a means of self-medication or that his drinking was otherwise related to his PTSD. Id. Nor had plaintiff offered any evidence that his PTSD caused him to drink. Id. The ABCMR further noted that plaintiff's misconduct ceased after he was notified of separation action. Id. The ABCMR concluded

6

that plaintiff "showed he was able to comply with [doctor's orders not to drink] when he chose." Id.

The ABCMR similarly found that plaintiff "was able to avoid engaging in misconduct when he so chose[,]" pointing out that his misconduct "occurred in the context of deliberate decisions not to appear for duty, a sour ending to his relationship with a then girlfriend, and his poor choices regarding alcohol use in social settings." Id. The ABCMR therefore found no causal connection between plaintiff's PTSD and his pattern of misconduct. 2/ Id.

The court finds that the ABCMR complied with the requirements of Army Reg. 635-200 ¶ 14-17.g.(1) in concluding that plaintiff's PTSD was not a direct or substantial contributing cause of the misconduct that led to plaintiff's separation. The ABCMR has applied the standard called for in Army Reg. 635-200 ¶ 14-17.g.(1) and has set forth the factual underpinnings of its findings in a clear, logical manner. The ABCMR has addressed fully the matters previously signaled by the court. See 101 Fed. Cl. at 603; Second Remand Order, at 4. Accordingly, the ABCMR did not act in an arbitrary or capricious manner, or in a manner contrary to law, in denying plaintiff's application for correction of records.

Plaintiff also contends that the ABCMR's decision is unsupported by substantial evidence, arguing that the evidence in the administrative record shows that plaintiff's PTSD was the direct or substantial cause of plaintiff's misconduct. See Pl.'s Br. filed Mar. 19, 2012, at 7. Plaintiff puts forth the statements of plaintiff's MEB physician that plaintiff had "[i]ntrusive thoughts with feelings of stress, fear, anger, and an overall feeling of aggression," and "a significant Post Traumatic Stress Disorder [that] appears to have been refractory to treatment, though he has noted mild improvement. . . . He experiences flashbacks which cause him to 'zone out' whenever he is around weapons fire. He continues to suffer from anger management issues[.]" Id. at 7 (quoting AR 239-40). Plaintiff also cites statements of plaintiff's former commander indicating that the charges against plaintiff were contrary to his observations of plaintiff's pre-diagnosis character. Id. at 8.

Plaintiff does not argue that there was insufficient evidence in the record for the ABCMR to conclude that plaintiff's PTSD had no causal connection with the actions that led to plaintiff's separation. Rather, plaintiff argues that evidence in the record is sufficient to find that there was such a causal connection. The evidence that plaintiff has put forth, however, is not "cogent and clearly convincing." Wronke, 787 F.2d at 1576 (citation omitted). That a former commanding officer observed a difference in plaintiff's character prior to plaintiff's PTSD diagnosis does not establish any causal link between plaintiff's

---

2/ Per the court's second remand order, the ABCMR also clarified that its reference to "any medical condition [plaintiff] now claims" in the ABCMR's first decision on remand referred only to plaintiff's PTSD. ABCMR Rec. of Prdgs. dated Aug. 13, 2012, at 7.

PTSD and the actions that led to his separation.  The statements of plaintiff's MEB physician are somewhat more convincing in that they provide evidence that plaintiff's PTSD increased his feelings of anger and aggression, which are relevant to the incidents of assault and to plaintiff's arrest.  They do not establish a causal link, however, between plaintiff's PTSD and those actions, particularly in light of the evidence in the record that other factors—the "sour ending" of a relationship and plaintiff's action to consume alcohol despite medical orders to abstain—played a substantial role in plaintiff's behavior.  Moreover, the MEB physician's statements do not bear on plaintiff's accountability offenses, which do not appear to have been motivated by any increased feelings of anger or aggression on plaintiff's part.  Therefore, the court finds that the ABCMR's decision is supported by substantial evidence.

## CONCLUSION

The decision of the ABCMR on second remand is not arbitrary, capricious, or contrary to law, and it is supported by substantial evidence in the record.  Defendant's cross-motion for judgment on the administrative record is therefore granted, and plaintiff's motion for judgment on the administrative record is denied.  Accordingly, the Clerk of the Court shall enter judgment for defendant.

**IT IS SO ORDERED.**

No costs.

/s/ Christine O.C. Miller
_____
**Christine Odell Cook Miller**
Judge